IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND and CHARLES A. WHOBREY, as Trustee,<br><br>*Plaintiffs,*<br><br>v.<br><br>PATRIOT PAVING & EXCAVATING LLC,<br><br>*Defendant.* | Case No. 26-cv-01596<br><br>Judge<br><br>Magistrate Judge |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Health and Welfare Fund (the "Health Fund") and Charles A. Whobrey, one of the Health Fund's present trustees, allege as follows:

## JURISDICTION AND VENUE

1. This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and is a suit to recover employer contributions owed to the Health Fund by Defendant in accordance with a collective bargaining agreement, participation agreement, and the Health Fund's Trust Agreement.

2. This Court has jurisdiction over this action under section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3. Venue lies in this Court under section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that the Health Fund is an "employee benefit plan" as that term is defined in ERISA and is administered at its principal place of business in Chicago, Illinois. Venue is also proper in this

Court pursuant to the forum selection clause contained in the Health Fund's Trust Agreement which designates this district as the appropriate forum for lawsuits to collect unpaid contributions.

## PARTIES

4.  The Health Fund is an employee benefit plan and trust, with its principal and exclusive office located at 8647 West Higgins Road in Chicago, Illinois.

5.  The Health Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing health and welfare benefits to participants and beneficiaries of the Health Fund and paying the administrative expenses of the Health Fund.

6.  Plaintiff Charles A. Whobrey is a trustee and "fiduciary" of the Health Fund as that term is defined in ERISA. Pursuant to section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), Charles A. Whobrey is authorized to bring this action on behalf of the Health Fund and its participants and beneficiaries in his capacity as a trustee and fiduciary.

7.  Defendant Patriot Paving & Excavating LLC ("Patriot") is a limited liability company organized under the laws of the State of Indiana. Patriot is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

## BACKGROUND INFORMATION

8.  Local Union No. 142 ("Local 142") of the IBT is a labor organization which represents, for the purpose of collective bargaining, certain employees of Patriot and employees of other employers in industries affecting interstate commerce.

9. During all relevant times, Patriot and Local 142 have been parties to a collective bargaining agreement (the "CBA") which required Patriot to make contributions to the Health Fund on behalf of its covered employees.

10. Patriot and Local 142 are also parties to a participation agreement (the "Participation Agreement") which requires Patriot to pay contributions to the Health Fund.

11. Patriot agreed to be bound by the terms of the Health Fund's Trust Agreement (the "Trust Agreement") and all rules and regulations promulgated by the Trustees under said Trust Agreement.

12. Under Article III, Section 1 of the Trust Agreement, Patriot is required to "remit continuing and prompt Employer Contributions to the [Health Fund] as required by the applicable collective bargaining agreement, participation agreement, this Agreement and/or other written agreement to which the Employer is a party, applicable law and all rules and requirements for participation by Employers in the Fund as established and interpreted by the Trustees in accordance with their authority . . . ."

13. Article XI, Section 4 of the Trust Agreement provides that:

> Non-payment by an Employer of any moneys due shall not relieve any other Employer from its obligation to make payment. In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay interest on any Employer Contributions from the date when the payment was due to the date when the payment is made, together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees for late payment as the Trustees determine and as are permitted by law. The interest payable by an Employer, in accordance with the preceding sentence, shall be computed and charged to the Employer (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (b) at an annualized rate of 7.5% (whichever is greater). Any judgment against an Employer for Employer Contributions owed to this Fund shall include the greater of (a) a doubling of the interest computed and charged in accordance with this section or (b) single interest computed and charged in accordance with this section plus liquidated damages in the amount of 20% of the unpaid Employer Contributions.

The interest rate after entry of a judgment against an Employer for contributions and/or other amounts due shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (b) at an annualized rate of 7.5% (whichever is greater), and such interest shall be compounded annually.

14. The Health Fund relies upon participating employers to self-report the work history of eligible employees. The self-reporting system requires participating employers to identify those employees for whom contributions are owed and requires the employers to identify the weeks worked by the covered employees. Based upon the employee work history reported by the employers, the Health Fund bills the employers for contributions.

## **STATUTORY AUTHORITY**

15. Section 515 of ERISA, 29 U.S.C. § 1145, provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

16. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) provides:

In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan --

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of--

    (i) interest on the unpaid contributions, or

    (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or

      State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

## **CLAIM FOR RELIEF**

17. Plaintiffs incorporate the allegations of paragraphs 1 through 16 above as if fully set forth herein.

18. On or about October 24, 2025, Patriot reported to the Health Fund work history of a covered employee for the period of March 16, 2025 through March 29, 2025, but Patriot never remitted the corresponding contributions to the Health Fund.

19. Patriot has also reported the work history of its covered employees to the Health Fund for the period of July 27, 2025 through December 27, 2025.

20. During the period of July 27, 2025 through December 27, 2025, Patriot's covered employees performed work for which contributions were required to be (but were not) remitted to the Health Fund.

21. Patriot breached the provisions of ERISA, the CBA, the Participation Agreement and the Trust Agreement by failing to pay all of the contributions owed to the Health Fund for the periods of March 16, 2025 through March 29, 2025 and July 27, 2025 through December 27, 2025.

22. Despite demands that Patriot perform its statutory and contractual obligations with respect to making contributions to the Health Fund, Patriot has failed to pay the full amounts that are due as a consequence of the conduct set forth in paragraphs 18 through 21.

23. Based on the work history reported by Patriot, Patriot owes the Health Fund at least $125,572.90 for unpaid contributions (not including interest) for the periods of March 16, 2025 through March 29, 2025 and July 27, 2025 through December 27, 2025, as a result of the conduct set forth in paragraphs 18 through 21.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendant in favor of the Health Fund, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for:

    (i) all unpaid contributions owed to the Health Fund through the date of the judgment;

    (ii) interest on unpaid and/or delinquent contributions computed and charged at the greater of (a) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) an annualized interest rate of 7.5%;

    (iii) an amount equal to the greater of interest on the unpaid and/or delinquent contributions or liquidated damages of 20% of the unpaid contributions; and

    (iv) attorney's fees and costs.

(b) Post-judgment interest computed and charged on the entire balance of the judgment at the greater of (i) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (ii) at an annualized interest rate of 7.5%, and with said interest to be compounded annually; and

(c) Such further or different relief as this Court may deem proper and just.

                              Respectfully submitted,

*/s/ Sterling Coleman-Selby*
Sterling Coleman-Selby (ARDC #6343160)
Central States Funds, Law Department
8647 W. Higgins Road, 8th Floor
Chicago, IL 60631-2803
(847) 939-2146
scoleman@centralstatesfunds.org

February 12, 2026                           *Attorney for Plaintiffs*